IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40505
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN LOPEZ-GONZALEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-507-1
- - - - - - - - - -
December 19, 2001
Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Agustin Lopez-Gonzalez (Lopez) appeals his sentence for illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a) & (b). He contends that the district court misconstrued his motion for a downward departure as being based on cultural assimilation, rather than family ties, and erred by concluding that it was without authority to grant the motion. Lopez seeks a remand to the district court in order to consider whether a downward departure based on family ties is warranted.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez' motion for a downward departure did not cite the Sentencing Guidelines section addressing family ties, § 5H1.6, and he did not object to the PSR's, the probation officer's, or the district court's characterization of his motion as based on cultural assimilation. Had Lopez informed the district court that his motion was being misconstrued, the district court would have had the opportunity to address or correct any such error. Because Lopez did not preserve this issue by specifically arguing it before the district court, we review only for plain error. Cf. Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 n.4 (5th Cir. 1997); In Fairchild Aircraft Corp., 6 F.3d 1119, 1128 (5th Cir. 1993).

Lopez has not established plain error because he was not entitled to a downward departure based on family ties. Such departures are discouraged by the Guidelines and are made only in rare and exceptional cases. See United States v. Winters, 174 F.3d 478, 484 (5th Cir. 1999). Although Lopez has a wife and two children who live in the United States, and he provides assistance to his mother who also resides here, this does not establish exceptional circumstances. See United States v. McKinney, 53 F.3d 664, 677 (5th Cir. 1995); United States v. Brown, 29 F.3d 953, 961 (5th Cir. 1994). Accordingly, Lopez' sentence is AFFIRMED.

AFFIRMED.